UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANUEL CARDOVA, | No. 2:22-cv-1296 AC P |
| Plaintiff, | |
| v. | ORDER |
| D. HURTADO, et al., | |
| Defendants. | |

     Plaintiff has requested the appointment of counsel. ECF No. 3. In support of the motion, plaintiff states in part that he has problems reading and that he is a mental health patient. Id. He also states that the issues in his case are very complicated and that he is unable to afford counsel. Id.

     The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

     A cursory review of plaintiff's complaint indicates that it is sufficiently legible; that plaintiff has stated with adequate clarity the nature of his claims and the relief sought, and that he has enough of an understanding of his case to have provided seemingly appropriate

1

documentation to support it.  See ECF No. 1 at 4-5, 7 (claims raised and relief sought); ECF No. 1 at 8-24 (supporting documentation).  For these reasons, the court does not find the required exceptional circumstances at this time.  Therefore, plaintiff's request for the appointment of counsel will therefore be denied.

     Accordingly, IT IS HEREBY ORDERED that plaintiff's request for the appointment of counsel (ECF No. 3) is DENIED.

DATED: July 26, 2022

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE