1

2

3

4

5

6

7                     UNITED STATES DISTRICT COURT

8                  FOR THE EASTERN DISTRICT OF CALIFORNIA

9

10   MANUEL CORDOVA,                         No.  2:22-cv-01296 TLN AC

11                 Plaintiff,

12        v.                                 FINDINGS AND RECOMMENDATIONS

13   D. HURTADO, et al.,

14                 Defendants.

15

16        Plaintiff, a state prisoner proceeding pro se and in forma pauperis seeks relief pursuant to

17   42 U.S.C. § 1983.  This proceeding was referred to the undersigned magistrate judge by Local

18   Rule 302 pursuant to 28 U.S.C. § 636(b)(1).  Plaintiff's complaint is currently before the court for

19   screening.

20        I.        Allegations in the Complaint

21        Plaintiff is a disabled inmate at the California Medical Facility ("CMF") at all times

22   relevant to the allegations in the complaint.  The complaint alleges a violation of the Americans

23   with Disabilities Act ("ADA") when the seven members of the Reasonable Accommodation

24   Panel denied plaintiff's request for a talking book player while he was housed in administrative

25   segregation from September 2, 2021 until February 17, 2022.  By virtue of his learning disability,

26   plaintiff was denied access to services that other non-disabled inmates in administrative

27   segregation received in the form of books to read.  Plaintiff also alleges a separate Eighth

28   Amendment cruel and unusual punishment claim based on these same facts.

                                           1

II.     Analysis

Plaintiff's complaint does not state an Eighth Amendment claim of deliberate indifference to plaintiff's serious medical need for a reading device.  In order to state a claim for violation of the Eighth Amendment based on inadequate medical care, a plaintiff must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to *serious medical needs*."  Estelle v. Gamble, 429 U.S. 97, 106 (1976) (emphasis added).  A serious medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain.  See Wood v. Housewright, 900 F. 2d 1332, 1337-41 (9th Cir. 1990).  Plaintiff's learning disability and alleged need for a reading device support his ADA claim,[1] but they do not constitute a serious medical need within the meaning of the Eighth Amendment.  A reading device is an accommodation for a disability, not a medical treatment.  Failure to provide the device could not result in further significant injury or the unnecessary and wanton infliction of pain.  Accordingly, plaintiff's factual allegations do not support an Eighth Amendment medical claim.

Moreover, the ADA itself "prohibits discrimination because of disability, not inadequate treatment for disability."  Simmons v. Navajo County, 609 F.3d 1011, 1022 (9th Cir. 2010) (citing Bryant v. Madigan, 84 F.3d 246, 249 (7th Cir. 1996)); see also Bryant, 84 F.3d at 249 ("[T]he Act would not be violated by a prison's simply failing to attend to the medical needs of its disabled prisoners. . . . The ADA does not create a remedy for medical malpractice.").

For these reasons, the court recommends dismissing the Eighth Amendment deliberate indifference claim against defendants because this defect is not curable.  See Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to amend shall be freely given, the court does not have to allow futile amendments).

////

////

---

[1]  By separate order entered this same date, plaintiff's complaint was found to state a colorable violation of the Americans with Disabilities Act.  Service of the complaint was ordered on this single ADA claim.

1     III.    <u>Plain Language Summary for Unrepresented Party</u>

2     Since plaintiff is acting as his own attorney in this case, the court wants to make sure that

3 the words of this order are understood.  The following information is meant to explain this order

4 in plain English and is not intended as legal advice.

5     The court has reviewed the allegations in your complaint and determined that they do not

6 state a valid Eighth Amendment claim against the defendants.  It is recommended that this claim

7 be dismissed from your case.  Your ADA claim is proceeding as explained in a separate order.

8     If you disagree with this recommendation, you have 14 days to explain why it is not the

9 correct result.  Label your explanation as "Objections to Magistrate Judge's Findings and

10 Recommendations."  The district judge assigned to your case will make the final decision about

11 whether your Eighth Amendment claim can continue.

12 <u>CONCLUSION</u>

13     Accordingly, IT IS HEREBY RECOMMENDED that the Eighth Amendment deliberate

14 indifference claim against defendants be dismissed without leave to amend for failing to state a

15 claim upon which relief may be granted.

16     These findings and recommendations are submitted to the United States District Judge

17 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

18 after being served with these findings and recommendations, plaintiff may file written objections

19 with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings

20 and Recommendations."  Failure to file objections within the specified time may waive the right

21 to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

22 DATED: May 23, 2024

23

24 ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

25

26

27

28

3